The order below is hereby signed.

Signed: July 22 2026



Elizabeth L. Gunn
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLUMBIA

In Re:

AUDRA SWITZER

Case No. 26-00008-ELG
Chapter 13

Debtor

## ORDER CONFIRMING PLAN

The Chapter 13 Plan (the "Plan") filed by the Debtor on May 06, 2026, having been transmitted to all creditors; and upon the recommendation of the Chapter 13 Trustee; and finding that the Plan meets each of the requirements of 11 U.S.C. § 1325(a).

It is ORDERED that:

The Debtor's plan is hereby CONFIRMED.

On February 05, 2026, and each month thereafter until further order of this Court, the Debtor shall pay to the Chapter 13 Trustee, Rebecca A. Herr via DIRECT PAYMENT at P.O. Box 853, Memphis, TN 38101- 0853 the sum of $250.00 per month for four (4) months; then $576.00 per month for fifty-six (56) months, for a total Plan funding of $33,256.00.

The Debtor shall file all federal and state income tax returns on or before the due date, and provide the Trustee with signed copies of the returns within 7 days after they are filed and provide the Trustee such additional information as the Trustee may require for determination of the Debtor' s disposable income. Failure to timely comply with this provision shall be grounds for dismissal.

The Debtor shall notify the Trustee and this Court in writing of any change in address and/or employment/income source within ten (10) days of the change.

The Debtor shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon written notice and approval from the Trustee. Nothing herein shall prohibit the Debtor from filing a motion for Court approval indebtedness in any amount.

Special Provisions:

a. The Motion to Avoid Secured Claims contained in section 5.4 of the plan, specifically an avoidance of the secured lien held by DC Office of Tax & Revenue of their Proof of Claim No. 16 pursuant to 11 U.S.C. §§ 506 and 522(f) of the Bankruptcy Code, had been reviewed.  It appears that all requirements have been met, all required supporting documentation has been filed (primarily Schedule AB at ECF 20), and that the lienholder has been served pursuant to all applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.  The time for the lienholder to respond has expired and no opposition to the request to avoid lien in section 5.4 of the plan has been filed by the lienholder.  There is no need for the Court to hold a hearing or enter a separate order on the request, and the relief request may be granted by confirmation of the Debtor's proposed Chapter 13 Plan at ECF 35.

b. While Debtor appears to have properly avoided the secured portion of Proof of Claim No. 16 held by DC Office of Tax & Revenue through the plan, a portion of that secured claim appears to also be a priority claim within the meaning of 11 U.S.C. § 507(a)(8).  This amount is $2,596.15; the claim already lists a priority claim of $2,040.42, which will now be a total allowed priority claim to be paid by the trustee in the amount of $4,636.57 through the plan, with the remainder of the claim to be an allowed general unsecured claim.

I ASK FOR THIS:
/s/REBECCA A. HERR
REBECCA A. HERR
Fed. Bar No. MD00032
185 ADMIRAL COCHRANE DR.
SUITE 240
ANNAPOLIS, MD 21401

cc:     *Debtor*
        *Debtor's Attorney*
        *Chapter 13 Trustee*
        *Recipients of electronic notice*